IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEITH LOCKRIDGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 3:18-cv-01364 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| SUMNER COUNTY JAIL, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff Keith Lockridge, an inmate at the Sumner County Jail in Gallatin, Tennessee, filed this *pro se* civil rights action against the Sumner County Jail, VendEngine, and Securus Phone Services. (Doc. No. 1.) He also filed an application to proceed in this Court without prepaying fees and costs. (Doc. No. 2.)

**I.    Application to Proceed as a Pauper**

The Court may authorize a prisoner to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's *in forma pauperis* application (Doc. No. 2; Doc. No. 1 at 9) that he lacks sufficient financial resources from which to pay the full filing fee in advance, his application will be granted. Plaintiff will be assessed the $350.00 filing fee as directed in the accompanying Order. 28 U.S.C. § 1915(b)(1).

**II.    Initial Review**

Under the screening requirements of the Prison Litigation Reform Act ("PLRA"), the Court must conduct an initial review and dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). The

Court must also construe a *pro se* complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

### A. Factual Allegations

Plaintiff alleges that the Sumner County Jail brought in a new commissary vendor called VendEngine on April 26, 2018. (Doc. No. 1 at 7.) At that time, the price for toilet paper increased from $0.60 to $1.00, with a $0.10 tax added. (*Id.*) Plaintiff alleges that inmates at the Jail order commissary two days per week, and they must buy toilet paper to be allowed to buy anything else through commissary. (*Id.* at 6.) Additionally, Plaintiff alleges that Securus operates the phone services at the Jail, and he is taxed $0.10 for every dollar added to his phone account. (*Id.* at 7.)

Plaintiff also alleges that Tennessee state tax is 9.25%, and so he should pay $0.0925 in tax—rather than $0.10—on every dollar he spends at the Jail. (*Id.*) Plaintiff believes that the extra money he is required to pay "is a kick-back going to the jail administration or some fund not related to me or the inmates." (*Id.*)

There are two grievances and associated appeals attached to the complaint that are marked as "relevant." (*Id.* at 4–5.) There, Plaintiff complains about the same issues raised in the complaint. (*Id.*) The first grievance response states, "THIS DOES NOT QUALIFY AS A GRIEVANCE," and the associated appeal response states, "this is not a grievance, all of this is approved pricing." (*Id.*) The second grievance response states, "1.00x1.0925= 1.10 rounded to the nearest penny," and the associated appeal response states, "no explanation, charges are there." (*Id.*)

B.  **Standard of Review**

To determine whether a prisoner's complaint "fails to state a claim on which relief may be granted" under the PLRA, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

C.  **Discussion**

"To prevail on a cause of action under § 1983, a plaintiff must prove '(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law.'" *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)).

1.  **Non-state Actors**

Plaintiff names VendEngine and Securus Phone Services as defendants. (Doc. No. 1 at 1–2.) He alleges that VendEngine has been the Sumner County Jail's commissary vendor since April 2018, and that Securus operates phone accounts at the Jail. (*Id.* at 7.) Thus, the Court infers that VendEngine is a private entity that contracts with Sumner County to provide commissary services at the Jail, and Securus performs the same function as to phone services.

3

These two private entities, however, are not "state actors" for the purpose of stating a claim under Section 1983. As to Defendant VendEngine, "a vendor selling products to prisoners in [] custody . . . [is] not acting under the color of state law." *Bomer v. Access Catalog Co.*, 75 F. App'x 382, 383 (6th Cir. 2003) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978) and *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996)); *see also Kyles v. Keefe Commissary Network, LLC*, No. 14-CV-11907, 2015 WL 1637466, at *6 (E.D. Mich. Apr. 13, 2015), *report and recommendation adopted* ("[N]umerous federal courts have found that corporations involved in [supplying products to a department of corrections or selling products directly to prisoners] did not act under color of state law.") (collecting cases). Similarly, as to Defendant Securus, "the provision of telephone services to inmates in a county jail, and then charging for them pursuant to its contract with the county, does not transform [a private entity] into a state actor for purposes of § 1983." *Pierce v. Kalamazoo Cty. Jail*, No. 1:14-cv-684, 2014 WL 5599693, at *2 (W.D. Mich. Nov. 3, 2014) (collecting cases). Accordingly, Plaintiff fails to state a claim against both VendEngine and Securus Phone Services.

2.  **Sonja Troutt**

Plaintiff lists "Sonja Troutt/Sumner County Jail" as a defendant, and it is unclear whether Plaintiff is attempting to sue Troutt and the Jail as a single entity or as separate defendants. (Doc. No. 1 at 2.) For the purpose of conducting an initial review, the Court will consider them separately. The Court notes, however, that Plaintiff brings this action against Troutt in both her individual and official capacity. (*Id.*) Troutt is an agent of the Sumner County Jail, and "individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Thus,

Plaintiff's official-capacity claim against Troutt is essentially a claim against Sumner County. Plaintiff's claims against Sumner County will be addressed below.

Plaintiff alleges that Defendant Troutt is the Sumner County Jail Administrator (Doc. No. 1 at 2), but he does not refer to Troutt in the body of the complaint. Even under the liberal construction afforded to *pro se* plaintiffs, the Court "is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions," and a plaintiff "must allege that the defendants were personally involved in the alleged deprivation of federal rights." *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (citations omitted) (affirming dismissal of a *pro se* prisoner's complaint for failure to state a claim where the plaintiff "failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights"). To the extent that Plaintiff seeks to hold Troutt responsible for unsatisfactory grievance responses, a defendant is not subject to liability under Section 1983 for merely denying administrative grievances. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Because Plaintiff does not allege that Troutt engaged in any specific unconstitutional conduct, Troutt will be dismissed as a party.

    3.    **Sumner County Jail**

Plaintiff also names Sumner County Jail as a defendant. The Jail itself is a building, "not a 'person' or legal entity subject to suit under 42 U.S.C. § 1983." *McIntosh v. Camp Brighton*, No. 14-CV-11327, 2014 WL 1584173, at *2 (E.D. Mich. Apr. 21, 2014) (collecting cases establishing that prison facilities are improper defendants under Section 1983). The Court may, however, construe Plaintiff's reference to the Sumner County Jail as an attempt to name Sumner County as a defendant. For Plaintiff to state a Section 1983 claim against the County, he must allege that he "suffered a constitutional violation" and that the County's "policy or custom directly cause the

violation." *Hadrick v. City of Detroit, Mich.*, 876 F.3d 238, 243 (6th Cir. 2017) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-92 (1978)).

Here, Plaintiff takes issue with three alleged policies at the Jail—a policy of overcharging for toilet paper; a policy of overcharging tax or every purchase; and a policy of requiring inmates to buy toilet paper in order to buy other commissary items. Plaintiff fails to state a claim based on these first two policies because there is not a "federal constitutional right to be able to purchase items from a commissary, at a certain price, and without tax." *Bright v. Thompson*, No. 4:10CV-P145-M, 2011 WL 2215011, at *4 (W.D. Ky. June 6, 2011) (collecting cases). Plaintiff provides no factual allegations to support his bare suspicion that the jail administration misappropriates a portion of the tax or fee charged for purchasing commissary items. Accordingly, Plaintiff's claims regarding excessive commissary pricing and fees will be dismissed.

As to the third policy, implementing potential limitations on inmates' ability to purchase commissary items may implicate the Eighth Amendment if it results in conditions of confinement that are not "humane." *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (collecting cases). To state a claim on this basis, an inmate must "demonstrate that he has been subjected to specific deprivations that are so serious that they deny him 'the minimal civilized measure of life's necessities.'" *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Here, Plaintiff does not allege that requiring inmates to buy toilet paper in order to purchase other commissary items has led to such objectively inhumane conditions of confinement. Indeed, Plaintiff does not allege that this policy has actually harmed him at all. Plaintiff fails to state a claim regarding the third policy on this basis alone.

Even assuming that the alleged commissary restriction impinges on Plaintiff's constitutional rights—an assumption that, for the reasons stated above, Plaintiff's allegations do

not support—the restriction is still "valid if it is reasonably related to legitimate penological interests." *Maye v. Klee*, No. 18-1460, 2019 WL 613732, at *4 (6th Cir. Feb. 14, 2019) (quoting *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987)). Here, Plaintiff alleges that Sumner County Jail inmates can place commissary orders two times per week. Thus, inmates are required to buy no more than two rolls of toilet paper in a given week. Conditioning inmates' access to other commissary items in this manner is reasonably related to Sumner County's legitimate interest in maintaining hygiene at the Jail. *See Flagner v. Wilkingson*, 241 F.3d 475, 482 (6th Cir. 2001) (citing *Pollock v. Marshall*, 845 F.2d 656, 659–60 (6th Cir. 1988)) (recognizing that "prevention of sanitation problems" is a legitimate penological concern). Plaintiff, therefore, fails to state a claim against Sumner County.

### III. Conclusion

Plaintiff may have sincere questions and concerns about the matters he has raised. But the question for the Court is whether Plaintiff has stated a claim upon which relief can be granted. For the reasons stated above, the Court concludes that he has not. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) will be granted, this action will be dismissed, and the Court will certify that any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3). The Court, therefore, will not grant Plaintiff leave to proceed *in forma pauperis* on any appeal.

An appropriate Order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE